United States District Court
Southern District of Texas
**ENTERED**
November 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALEJANDRO EVARISTO PEREZ,** | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:21-CV-765 |
| **DISNEY CORPORATION,** | § § § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is The Walt Disney Company's ("TWDC") Motion to Dismiss for lack of personal jurisdiction, Motion to Dismiss for lack of capacity, and alternative Motion for More Definite Statement.[2] The Court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that TWDC's Motion to Dismiss be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**. The Court **FURTHER RECOMMENDS** that all other pending motions[3] be **DENIED AS MOOT**.

I.  BACKGROUND

On March 9, 2021, Plaintiff filed a complaint against "Disney Corporation."[4] "Disney Corporation" does not exist as a legal entity or trade name for any Disney affiliated entity.[5] TWDC

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. No. 18.)
[2] Dkt. No. 7.
[3] Dkt. Nos. 4, 28-29, 32-36.
[4] Dkt. No. 1.
[5] Dkt. No. 7 at 2.

is the parent company of the Disney-affiliated entities.[6] Plaintiff confirmed he intended to sue TWDC.[7] Plaintiff alleges violations of copyright law and interference with his ability to publish and sell his fictional novel online through Amazon.[8]

On March 30, 2021, TWDC filed the instant Motion to Dismiss for lack of personal jurisdiction, Motion to Dismiss for lack of capacity, and alternative Motion for More Definite Statement.[9] TWDC argues that the Court lacks personal jurisdiction over it and requests that the Court dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).[10] In the event that TWDC's Motion to Dismiss for lack of personal jurisdiction is denied, TWDC presents arguments as to insufficient service of process and lack of capacity to be sued, as well as a Motion for More Definite Statement.[11] On June 14, 2021, the Court ordered the case stayed until the Court could rule on TWDC's Motion to Dismiss.[12]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the Court does not have personal jurisdiction over the defendant. After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that personal jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

Federal due process permits personal jurisdiction over a nonresident defendant who has

---

[6] *Id.*
[7] Dkt. No. 8 at 7–9.
[8] Dkt. No. 1 at 5–6.
[9] Dkt. No. 7.
[10] *See id.*
[11] *See id.*
[12] Dkt. No. 27.

minimum contacts with the forum state, subject to the limit of not offending "traditional notions of fair play and substantial justice." *Johnston v. Multidata Systems International Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citation omitted). Such contacts may establish either general or specific jurisdiction.

A federal court has general jurisdiction over a nonresident defendant "to hear any and all claims" if that defendant's contacts with the state are so "continuous and systematic" as to render it "essentially at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). This is a difficult showing to make, requiring "extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609.

A federal court has specific jurisdiction over a nonresident defendant "when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Walk Haydel & Associates Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 243 (5th Cir. 2008) (internal quotations omitted). The defendant's contacts with the forum "must be more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person.'" *ITL International, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

### III.   ANALYSIS

TWDC, a nonresident defendant, argues that Plaintiff fails to establish personal jurisdiction over it.[13] Under a general jurisdiction analysis, Plaintiff fails to allege any sustained or meaningful contacts between TWDC and the State of Texas that would support a theory of general jurisdiction

---

[13] Dkt. No. 7 at 3–4.

over TWDC. Further, TWDC has no offices in Texas, no employees in Texas, holds no real property in Texas, maintains no bank accounts in Texas, is not licensed to conduct business and does not conduct business in Texas, pays no taxes in Texas, maintains no telephone number or mailing address in Texas, and has appointed no agent for service of process in Texas.[14] TWDC does not have sufficient contacts with Texas for the Court to exercise general jurisdiction. Accordingly, Plaintiff fails to establish general jurisdiction over TWDC.

Similarly, the Court lacks specific jurisdiction over TWDC. As noted by TWDC, Plaintiff fails to make any reference to Texas in his complaint other than listing his own residential address.[15] Personal jurisdiction "may not be based upon the mere fortuity that a plaintiff is a Texas resident." *See AllChem Performance Products, Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 787 (S.D. Tex. 2012). Even in his response to TWDC's Motion to Dismiss, Plaintiff does not identify any cause of action that arises from or is directly related to any alleged contacts by TWDC with the State of Texas. Plaintiff admits in his response that TWDC's Motion to Dismiss "is technically the first formal and only official direct communication from [TWDC] to the Pro Se Plaintiff . . . ."[16] Accordingly, Plaintiff fails to establish specific jurisdiction over TWDC. Therefore, the Court recommends that Plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).[17]

---

[14] *Id.* at 5.
[15] *See* Dkt. No. 1 at 1; Dkt. No. 7 at 6.
[16] Dkt. No. 8 at 7.
[17] Because the Court may not exercise personal jurisdiction over TWDC, it need not reach TWDC's arguments as to insufficient service of process or lack of capacity to be sued. Likewise, the Court need not address TWDC's Motion for More Definite Statement.

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that TWDC's Motion to Dismiss be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**. The Court **FURTHER RECOMMENDS** that all other pending motions[18] be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on November 12, 2021.

_____
Sam S. Sheldon
United States Magistrate Judge

---

[18] Dkt. Nos. 4, 28-29, 32-36.