UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ALEJANDRO EVARISTO PEREZ,** § § | |
| **Plaintiff,** § § | |
| v. § § | CIVIL ACTION NO. 4:21-CV-00765 |
|  § | JUDGE CHARLES ESKRIDGE |
| **DISNEY CORPORATION,** § § | |
| **Defendant.** § | |

### MOTION TO DISMISS
### PLAINTIFF'S FOURTH AMENDED COMPLAINT WITH PREJUDICE

Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 8(a)(2), Defendant The Walt Disney Company ("TWDC") files this *Motion to Dismiss Plaintiff's Fourth Amended Complaint With Prejudice* (the "Motion"), and respectfully shows the Court as follows:

### I.    SUMMARY

Plaintiff, Alejandro Evaristo Perez ("Plaintiff") has filed a *4th Amended Complaint for a Civil Case* (the "Amended Complaint"), which is substantially similar to his Original Complaint. He again complains of the removal of his self-published book from Amazon's sales platform for a period of approximately two months. He again asserts the same allegations that false claims were made as to the ownership of Plaintiff's copyrighted material and Amazon was "misguided" to halt publishing and selling the book. The causes of action alleged are likewise the same, including copyright infringement, intentional infliction of emotional distress, and conspiracy to restrain trade.

1

This time, however, Plaintiff has directly named TWDC as a defendant, and he has now additionally cast his net extremely broadly, suing seven other defendants he describes as "subsidiaries" of TWDC (the "Other Defendants").[1]  (Amended Complaint at p. 4, II.A.)

Besides listing each entity as a defendant, though, Plaintiff does nothing to explain what the Other Defendants allegedly did to incur liability here or how it imputes liability to TWDC. Indeed, the allegations in the Amended Complaint are only directed at the unspecified "Defendant" or the vague collective "Defendant(s)." (*See, e.g., id.* at p. 7.)  Without distinction, Plaintiff contends generally that "Defendant(s) … misguided the Amazon Corporation to stop publishing and stop distribution of the Plaintiff's copyrighted paperback novel," "Defendant(s)" intentionally inflicted emotional distress, and "Defendant(s) willfully conspired against the Pro Se Plaintiffs [*sic*] copyrights." (*Id.* at p. 7.)  Without more, it is impossible for any defendant to discern why it has been sued; Plaintiff has failed to give adequate notice of the specific claims against a particular defendant.  For this reason alone, the Amended Complaint should be dismissed as to all claims against all parties.

The Amended Complaint also should be dismissed for the additional and independent reason that it lacks factual support for the sweeping and conclusory claims of copyright infringement, intentional infliction of emotional distress, and conspiracy to restrain trade. Plaintiff has failed to allege facts to support each element of these claims.

Finally, and most critically, once again, Plaintiff has made no effort to describe TWDC's individual affiliations with the State of Texas that could confer general jurisdiction over TWDC.

---

[1]  The other seven identified defendants in Plaintiff's Amended Complain (Doc. 87) are hereby defined as the "Other Defendants," which specifically includes: Disney Enterprises, Inc.; Disney ABC, Inc.; Disney Store USA, LLC; Disney/ABC International Television, Inc.; Buena Vista Television, LLC; Magical Cruise Company, Limited; and Buena Vista Theatrical Group LTD.

Nor has Plaintiff alleged or identified TWDC's supposed specific activities that were purposefully directed at the State of Texas and from which Plaintiff's claims arise so as to confer specific jurisdiction over TWDC. Plaintiff has failed to correct the jurisdictional infirmities on which this case was previously dismissed without prejudice and on which the Fifth Circuit affirmed.

Given Plaintiff's repeated inability to cure jurisdictional defects, and the other failures to adequately state any claim described herein, no further amendments should be allowed. This case therefore should be dismissed in its entirety with prejudice pursuant to Rules 12(b)(2), 12(b)(6) and 8(a)(2).

## II. STATEMENT OF FACTS

This case has been pending since March 9, 2021 when Plaintiff filed his original *Complaint* (the "Complaint") against the "Disney Corporation", a nonexistent entity. (*See* Complaint (Doc. 1).) TWDC appeared for purposes of seeking dismissal for lack of personal jurisdiction, among other grounds. This Court agreed that Plaintiff did not identify sufficient contacts between TWDC and the State of Texas to support general or specific personal jurisdiction, and it dismissed the case with prejudice on February 9, 2022. (*Order Adopting Memorandum and Recommendation* (Doc. 54); *Memorandum and Recommendation* (Doc. 42).) Plaintiff appealed.

On April 26, 2023, the Fifth Circuit affirmed in part, confirming personal jurisdiction over TWDC was lacking, but it remanded with instructions that the dismissal be without prejudice. (Doc. 85.)

As instructed by the Fifth Circuit, on May 22, 2023, this Court converted its original dismissal order to constitute a dismissal for lack of personal jurisdiction without prejudice. (*See Order* (Doc. 86).)

Plaintiff has now been afforded another opportunity to state a claim in this Court. With this opportunity, he filed his Amended Complaint on June 14, 2023. (Amended Complaint (Doc. 87.)

The substance of the amendment however is substantively differs little from the Original Complaint. Plaintiff again complains of the removal of his self-published book from Amazon's sales platform for a period of approximately two months. (Amended Complaint at p. 8.)

The causes of action are the same, including copyright infringement, intentional infliction of emotional distress, and conspiracy to restrain trade. (Amended Complaint at p. 7; *compare* Complaint at p. 5.)[2]

Plaintiff also relies on the same vague allegations that "false claims" were made as to the ownership of Plaintiff's copyrighted material and Amazon was "misguided" to halt publishing and selling the book. (*Id.* at p. 7; *compare* Complaint at p. 5.) Plaintiff alleges no other facts that could be construed as conduct by TWDC or the Other Defendants.[3] Rather, Plaintiff admits "Pro Se Party and the Defendant(s) are technically strangers … ." (*Id.* at p. 7.)

The Amended Complaint differs from the original Complaint in that Plaintiff has identified TWDC as a defendant this time, and he additionally has sued seven Other Defendants

---

[2] The Amended Complaint does include an updated timeline covering the Court's dismissal of the action for lack of jurisdiction and the appeal process, as well as miscellaneous filings Plaintiff made during the appeal. (*See* Amended Complaint at pp. 9-10.)

[3] Instead, Plaintiff describes conduct by Amazon and emails by Amazon. (Amended Complaint at p. 8.) Plaintiff contends he emailed "Defendant(s)" but there is no description of any response by any of the defendants. (*Id.*)

he characterizes as "subsidiaries." (*Id.* at p. 4, II.A.) Plaintiff offers no explanation regarding what each defendant allegedly did, any alleged communications by or with them, nor any particularized allegations of wrongdoing directed at TWDC. Instead, Plaintiff's Amended Complaint allegations are aimed at an unspecified "Defendant" or the potential collective "Defendant(s)." (*See, e.g., id.* at p. 7.) Plaintiff contends generally that "Defendant(s) … misguided the Amazon Corporation to stop publishing and stop distribution of the Plaintiff's copyrighted paperback novel," "Defendant(s)" intentionally inflicted emotional distress, and "Defendant(s) willfully conspired against the Pro Se Plaintiffs [*sic*] copyrights." (*Id.* at p. 7.)

The Complaint lacks any description of TWDC's individual affiliations with the State of Texas. Plaintiff does allege one of the Other Defendants, by the purported name of "Disney ABC Inc.", is incorporated under the laws of New York and has a principal place of business in Texas. (*See* Complaint at p. 5). However, aside from the generalized grouping of "Defendant(s)," Plaintiff has pled no viable connection between Disney ABC Inc. and TWDC. There is also no description or identification of any activities by TWDC or any of the Other Defendants directed at the State of Texas from which Plaintiff's claims arise.

### III.    ARGUMENTS AND AUTHORITIES

**A.    The Amended Complaint Fails to Meet the Minimum Notice Requirements of Rule 8(a)(2)**

Plaintiff's Amended Complaint is fatally deficient in that Plaintiff has only generally, and in a conclusory manner, asserted allegations against an unspecified "Defendant" or the potential collective "Defendant(s)." (*See, e.g.,* Amended Complaint at p. 7.) Without information as to its own distinct alleged conduct at issue or the distinct claims asserted against it, TWDC cannot fairly defend itself in this lawsuit, and neither can the Other Defendants. In other words,

5

Plaintiff's Amended Complaint does not meet the minimum notice requirements of Federal Rule of Civil Procedure 8(a)(2). *See Hondros v. Hewlett Packard Enter.,* No. CV H-21-1982, 2021 WL 5087144, at *2 (S.D. Tex. Nov. 2, 2021) (citing *Anderson v. U.S. Dep't of Housing and Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008) (dismissing complaint because plaintiff alleges her causes of action generally against all defendants and, therefore, fails to give adequate notice of the specific claims against each); *Stokes v. OneWest Bank, F.S.B.*, No. 4:14-cv-247- A, 2014 WL 5473193, at *3 (N.D. Tex. Oct. 28, 2014) (dismissing a complaint when the plaintiff failed to separate the acts each defendant allegedly committed). For this reason alone, Plaintiff's claims against TWDC should be dismissed.

**B.     Plaintiff Has Failed to State a Claim Against TWDC and the Other Defendants**

Plaintiff purports to state three claims against TWDC and the Other Defendants: 1) copyright infringement; 2) intentional infliction of emotional distress; and 3) conspiracy to restrain trade. Plaintiff's factual support for these claims falls short, though. He has failed to allege facts sufficient to allow an inference of liability on any of these claims.

First, Plaintiff has failed to show plausible entitlement to relief under 17 U.S.C. § 501 for alleged copyright infringement based on violations of the Plaintiff's rights under 17 U.S.C. § 160A(a). Specifically, 17 U.S.C. § 106A relates to "visual art" and codifies the Visual Artists Rights Act of 1900. *Tilford v. Jones*, No. CIV. A. H-05-2989, 2006 WL 2612752, at *4 (S.D. Tex. Sept. 11, 2006) ("Though the Visual Artists Rights Act ("VARA"), 17 U.S.C. § 106A, creates a right of attribution, the right is available only to author[s] of a work of visual art." (internal quotations omitted)); *see also Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 34 (2003); *Kleinman v. City of San Marcos*, 597 F.3d 323, 329 (5th Cir. 2010). Unfortunately for Plaintiff, visual art is defined as "(1) a painting, drawing, print, or sculpture"

6

or "(2) a still photographic image produced for exhibition purposes only. . . ." 17 U.S.C. § 101. Moreover, the statute expressly states that "[a] work of visual art does not include-- (A)(i) any poster, map, globe, chart, technical drawing, diagram, model, applied art, motion picture or other audiovisual work, <u>book</u>, magazine, newspaper, periodical, data base, electronic information service, electronic publication, or similar publication." *Id*. (emphasis added). Plaintiff's Amended Complaint focuses entirely on events surrounding a "paperback novel," a book. (Doc. 87 at p. 7.) Plaintiff has not claimed ownership to any copyrighted visual art, nor has Plaintiff supplied any factual allegations supporting a claim for infringement of copyrighted visual art. Thus, Plaintiff's copyright claim fails as a matter of law.

Second, Plaintiff's claim for intentional infliction of emotional distress fails. In order to state this claim, he must allege facts plausibly demonstrating the following: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; and (3) the conduct caused severe emotional distress. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993); *see also Edwards v. Galveston-Texas City Pilots*, 203 F. Supp. 2d 759, 761 (S.D. Tex. 2002). Whether conduct is sufficiently outrageous is a question of law for the Court to decide, but Texas courts have rarely found the existence of extreme and outrageous conduct. *See Brewerton v. Dalrymple*, 997 S.W.2d 212, 216 (Tex. 1999) (explaining that the conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"); *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605, 612-613 (Tex. 1999) (stating that mere insults, indignities, threats, annoyances, and petty oppressions do not rise to the level of extreme and outrageous conduct, especially in the workplace). Moreover, some evidence of a

physical attack or threatening behavior is usually required. *See Humphreys v. Medical Towers, Ltd.*, 893 F. Supp. 672, 681 (S.D. Tex. 1995). Plaintiff has supplied no factual support for any of these three elements as to TWDC or the Other Defendants, much less facts which give rise to an inference of liability. He only contends "Defendant(s)" made false claims of ownership of Plaintiff's copyrighted material and "misguided" Amazon to halt publishing and selling of his book. These allegations do not plausibly suggest intentional or reckless conduct of an extreme and outrageous nature so as to qualify under this cause. This claim fails.

Third, Plaintiff's claim under 15 U.S.C. § 1 for conspiracy to restrain trade is completely unsupported. Principally, although Plaintiff does not specify any details as to his conspiracy claim, because Plaintiff's Amended Complaint alleges a conspiracy between TWDC and Amazon (parties who are not competitors), TWDC is led to believe that Plaintiff has attempted to allege a vertical agreement. Accordingly, Plaintiff must first define a "relevant market." *New Orleans Ass'n of Cemetery Tour Guides & Co. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1036 (5th Cir. 2023). Failure to allege a relevant market requires dismissal when the two cooperating parties are not competitors, as is the case here. *See Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453–54 (5th Cir. 2021); *Apani Sw., Inc. v. Coca–Cola Enters., Inc.*, 300 F.3d 620, 627 (5th Cir. 2002); accord *Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111, 1120 (10th Cir. 2008). The two components of the relevant market are (1) the product market and (2) the geographic market. *New Orleans Ass'n of Cemetery Tour Guides*, 56 F.4th at 1036-37. A legally cognizable product market must "include all 'commodities reasonably interchangeable by consumers for the same purposes,'" and consider "interchangeability and cross-elasticity of demand." *Id*. at 1037 (internal citations omitted). Here,

just as in *New Orleans Ass'n of Cemetery Tour Guides*, Plaintiff has failed to plead a legally sufficient product market, which is a necessary component of the relevant market and a claim under 15 U.S.C. § 1. *See id.* at 1039 ("In sum, [plaintiff] has not pleaded a legally sufficient product market under either of its proffered definitions. . . . [Plaintiff] has thus not properly defined the relevant market as required to bring its claims under the Sherman Act, and the district court correctly dismissed these claims."). Thus, this claim fails.

## C. Personal Jurisdiction is Still Lacking

Finally, Plaintiff's allegations are still insufficient to establish personal jurisdiction over TWDC in this matter. Plaintiff has not added any jurisdictional facts to his Amended Complaint to cure the deficiencies found by this Court and the Fifth Circuit the first time around. It is now clear he cannot do so and this case should be dismissed under Rule 12(b)(2) with prejudice.

1. <u>Legal Standards</u>

"The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has meaningful 'contacts, ties, or relations' with the forum state." *Luv N' Care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Personal jurisdiction may be established pursuant to a theory of general or specific jurisdiction. *Mink v. AAAA Dev., LLC.*, 190 F.3d 333, 336 (5th Cir. 1999). Under either analysis, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *Int'l Shoe*, 326 U.S. at 316).

"A court has general jurisdiction over a corporate defendant where the corporation's 'affiliations with the State are so continuous and systematic as to render it essentially at home in

9

the forum State,' the paradigm examples of which are the corporation's place of incorporation and principal place of business." *Diece-Lisa Indus., Inc. v. Disney Enter, Inc.*, 943 F.3d 239, 250 (5th Cir. 2019) (finding Texas courts lacked general jurisdiction over Disney entities that were neither incorporated in Texas nor maintained their principal place of business in Texas). "It is therefore incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

Specific jurisdiction, on the other hand, "encompasses cases in which the suit arises out of or relates to the defendant's contacts with the forum." *Diece-Lisa Indus.*, 2019 WL 6124889, at *6 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). Specific jurisdiction exists when two circumstances are met: (1) "a nonresident defendant has purposefully directed its activities at the forum state," and (2) "the litigation results from alleged injuries that arise out of or relate to those activities." *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (quoting *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008)). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)) (internal quotation marks omitted). "[T]he relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Id*. at 284 (quoting *Burger King*, 471 U.S. at 475). And any such contacts or activity by the defendant "must be more than 'random, fortuitous, or attenuated, or of the unilateral activity of another

party or third person.'" *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (quoting *Burger King*, 471 U.S. at 475).

When a nonresident defendant raises a challenge under Federal Rule of Civil Procedure 12(b)(2), it is the plaintiff's burden to establish personal jurisdiction exists. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). The plaintiff must establish jurisdiction separately for each named defendant, even within a corporate family. *See, e.g., Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) ("the proper exercise of jurisdiction over a nonresident corporation may not be based solely upon the contacts within the forum state of another corporate entity with which the defendant may be affiliated"); *Cap. Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 82 (Tex. Ct. App.—Houston [1st Dist.] 2008, no pet.) ("[s]ettled law always presumes that corporations exist as separate entities").

In considering the matter, a court must take uncontroverted allegations as true, but conclusory jurisdictional allegations are afforded no deference. *See, e.g., Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

2. <u>TWDC does Not Maintain Sufficient Contacts with Texas to support a theory of General Jurisdiction.</u>

In his Amended Complaint, Plaintiff again pleads no general jurisdictional facts and fails to allege any sustained or meaningful contacts between TWDC and the State of Texas that would support a theory of general jurisdiction. (*See* Amended Complaint at pp. 7-10.)  As established by TWDC's declaration attached to its initial *Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Lack of Capacity, and Alternative Motion for More Definite Statement* (Doc. 7) (the "<u>Initial Motion to Dismiss</u>"), which is incorporated herein by reference, Plaintiff cannot plead such facts against TWDC.  (*See* Initial Motion to Dismiss (Doc. 7) at

11

Grossman Dec.) TWDC has no offices in Texas, no employees in Texas, holds no real property in Texas, maintains no bank accounts in Texas, is not licensed to conduct business and does not conduct business in Texas, pays no taxes in Texas, maintains no telephone number or mailing address in Texas, and has appointed no agent for service of process in Texas. (*See id.* at Grossman Dec., ¶ 5.) TWDC is a foreign corporation with no connections to Texas such that there is no basis to allege a theory of general jurisdiction over it. (Docs. 42, 54, and 85.)

Further, Plaintiff makes no effort to distinguish the Other Defendants from one another, or from TWDC, in the Amended Complaint. And he fails to allege plausible sustained or meaningful contacts between each Other Defendant and the State of Texas that would support a theory of general jurisdiction. Plaintiff does allege one of the defendants, with the purported name of "Disney ABC Inc.", is incorporated under the laws of New York and has a principal place of business in Texas. (*See* Complaint at p. 5). However, instead of pleading a viable, substantive connection between Disney ABC Inc. and TWDC, Plaintiff relies only on a generalized grouping of "Defendant(s). None of the remaining Other Defendants are alleged to be incorporated in or have a principal place of business in Texas.

Very simply, Plaintiff has provided the Court with no basis on which to find general jurisdiction exists for TWDC,.

3. No Specific Jurisdiction Exists over TWDC.

Plaintiff also has failed again to articulate any ways in which TWDC is connected to the State of Texas. He has failed to allege any activity by TWDC purposefully directed at the State of Texas from which this litigation arises. The only connection to Texas that the Plaintiff includes is his own residential address listed under the section titled "The Parties to This Complaint." (Doc. 87 at p. 1.) It is well-established that specific personal jurisdiction cannot be

"based on the mere fortuity that a plaintiff is a Texas resident." *See AllChem Performance*, 878 F. Supp. 2d at 787 (declining to exercise specific personal jurisdiction over a copyright infringement case in the absence of substantial, purposeful activity directed at the State of Texas). Further, the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Walden*, 134 S. Ct. at 1122; *see Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("[H]owever significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'").

Neither manner of general or specific jurisdiction over TWDC exists here. Thus, the Court should once again dismiss this case. *See Meener v. Gen. Motors Co.*, No. 3:18-CV-3180-L-BK, 2019 WL 1574858, at *2 (N.D. Tex. Feb. 22, 2019), report and recommendation adopted, No. 3:18-CV-3180-L, 2019 WL 1569540 (N.D. Tex. Apr. 10, 2019) (dismissing case where pro se plaintiff's complaint and response to motion to dismiss wholly failed to provide a basis for the court's jurisdiction over the defendant).

**D.     In the Alternative, this Case Should Be Dismissed for Insufficient Process and Service of Process**

TWDC incorporates by reference as if asserted herein its arguments in its Initial Motion to Dismiss setting forth grounds for dismissal under Rules 12(b)(4) and 12(b)(5).  (*See* Initial Motion to Dismiss at pp. 6-7.)  No effort has been made to properly serve TWDC, or any of the Other Defendants.  To the extent Plaintiff is attempting to rely on his previous service attempt, such attempt was ineffectual.  (*See id.*)

## E.   Dismissal With Prejudice is Appropriate

As set forth above, Plaintiff's Amended Complaint suffers from the same jurisdictional defects found by this Court and the Fifth Circuit previously. The persistent existence of such defects can only reflect Plaintiff's unwillingness or inability to state his claims in a manner that will comport with the applicable rules and law to avoid dismissal. *See Connery v. Norsworthy*, 2009 WL 20679688, at *3 (S.D. Tex. Nov. 13, 2009) (dismissing claims with prejudice where Plaintiff had previously been granted leave to amend but failed to cure pleading deficiencies); *Manning v. Franklin*, No. H-14-2916, 2015 WL 4039388, at *7 (S.D. Tex. June 16, 2015) (denying plaintiff leave to further amend because "the proposed complaint is factually identical to the original complaint, except it seeks to add several John Doe defendants" and "amendment of Plaintiff's complaint would be futile."). Permitting further amendment would be futile and prejudicial to TWDC. As such, dismissal with prejudice is imminently appropriate.

## IV.   CONCLUSION

For the reasons stated herein, TWDC respectfully requests this Court to dismiss Plaintiff's Amended Complaint with prejudice pursuant to Rules 12(b)(2), 12(b)(6), and 8(a)(2). Only in the event the Court declines to dismiss on such grounds, TWDC requests that this Court dismiss under Rule 12(b)(4) and 12(b)(5). TWDC also requests such other and further legal or equitable relief that this Court deems just.

Date:  July 21, 2023.                                      Respectfully submitted,

*/s/ C. Scott Jones*

**Harriet Miers**
  State Bar No. 00000067
  Southern District No. 11205
  hmiers@lockelord.com

**C. Scott Jones**
  Texas Bar No. 24012922
  Southern District No. 30121
   sjones@lockelord.com

**A. Tucker Davison**
  State Bar No. 24120794
  Southern District 3714180
  tucker.davison@lockelord.com

**LOCKE LORD, LLP**
  2200 Ross Avenue, Suite 2800,
  Dallas, Texas 75201
  T: (214) 740-8000
  F: (214) 740-8800

**ATTORNEYS FOR THE WALT DISNEY COMPANY**

## CERTIFICATE OF SERVICE

I certify that on July 21, 2023, I served the foregoing document on the *pro se* Plaintiff via the Court's electronic service.

*/s/ C. Scott Jones*
C. Scott Jones